UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYANT BENTLEY,

        Plaintiff,           Civil Action No. 14-13618
                                       Honorable John Corbett O'Meara
v.                                        Magistrate Judge David R. Grand

CORIZON HEALTH, INC., *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S
COMPLAINT [1] PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 41(b) AND DENY DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS [16] AS MOOT**

**I.  PROCEDURAL HISTORY**

This is a prisoner civil rights case filed by plaintiff Bryant Bentley ("Bentley") on September 17, 2014. [1]. On September 19, 2014, the case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. §636. [6].

On December 15, 2014, defendants Corizon Health, Inc. and Eddie Jenkins, M.D. (collectively "defendants") filed a motion for judgment on the pleadings arguing that Bentley's complaint fails to state a claim upon which relief can be granted. [16]. Bentley did not timely respond to the motion, and on January 30, 2015, this Court issued an order advising Bentley that his response to defendants' motion must be filed on or before February 13, 2015, or in the alternative, he would have to show cause as to why the Court should not recommend that his complaint be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b). [17]. Bentley was specifically informed that, **"[f]ailure to timely or adequately respond in writing to this order to show cause, or to timely file a response to defendants' motion, may result in a**

**recommendation that defendants' motion be granted and/or that plaintiff's action be dismissed under Fed. R. Civ. P. 41(b).**" [*Id.*] (Emphasis added). A review of the docket indicates that Bentley has neither responded in writing to the Court's January 30, 2015 order, nor filed a response to defendants' motion.[1]

## II.   ANALYSIS

Federal Rule of Civil Procedure 41 governs dismissals of actions. As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). As the *Link* court explained, "[n]either the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Id.* at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. In other words, "a district court can dismiss an action for noncompliance with a local rule . . . if the behavior of the noncomplying party rises to the level of a failure to

---

[1] The Court's January 30, 2015 order (which was served on Bentley by mail) has not been returned to the Court as undeliverable.

prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac*, *Oldsmobile*, *Buick*, *and GMC Trucks*, *Inc.*, 173 F.3d 988, 992 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991)).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). All of the factors favor dismissal here. The Court warned Bentley that his case would be dismissed if he failed to file a response to defendants' motion for judgment on the pleadings or respond to the Court's January 30, 2015 order. [17]. Yet Bentley failed to respond, meaning that the first and third factors weigh in favor of dismissal.[2] As to the second factor, defendants are prejudiced by having this action pending against them without it being advanced to a timely conclusion due to Bentley's apparent abandonment of his claims. Finally, given Bentley's failure to file a response as ordered,[3] the Court sees no utility in considering or imposing a lesser sanction. Thus, all of the factors weigh in favor of dismissal for failure to prosecute.

---

[2] With respect to the first factor, just as in *White v. Bouchard*, No. 05-73718, 2008 U.S. Dist. LEXIS 41428, at *12 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id.* Regardless, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id.* at *12-13.

[3] In fact, after filing his complaint on September 17, 2014, with the exception of notifying the Court of his change of mailing address [15], Bentley has not filed any subsequent pleadings or otherwise indicated a desire to continue pursuing this lawsuit.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 U.S. Dist. LEXIS 41428, at *14 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 U.S. Dist. LEXIS 41428, at *14 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)). Here, for the reasons discussed above, Bentley has "engaged in a clear pattern of delay" by failing to comply with an order of the Court and by failing to file papers necessary for the prosecution of his claims. Under these circumstances, dismissal is appropriate. *See* Fed. R. Civ. P. 41(b).

### III. RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Bentley's complaint **[1]** and his claims against defendants Corizon Health, Inc. and Eddie Jenkins, M.D., be **DISMISSED WITH PREJUDICE,** and that defendants' motion for judgment on the pleadings **[16]** be **DENIED** as **MOOT**.

Dated: February 25, 2015  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
  United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D.

4

Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 25, 2015.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
